ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Bellal Aziz Construction Company | ) ASBCA Nos. 60717, 61035 |
| | ) |
| Under Contract No. W91B4M-09-C-7024 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Azizullah Azizi
         Director

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        LTC Joseph J. Jankunis, JA
        Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS

On 15 January 2009, the Department of the Army (Army or government) awarded the captioned contract to appellant, for performance of construction work in Afghanistan (R4, tab 1). By correspondence dated 7 October 2009, the government terminated the contract for its convenience pursuant to Federal Acquisition Regulation (FAR) clause 52.249-2. The termination notice was acknowledged by appellant on 8 October 2009. (R4, tab 6)

ASBCA No. 60717 arises from a purported contracting officer's final decision, dated 22 July 2016, denying a monetary claim for $318,064.00 under the contract (R4, tab 12). During the pendency of the appeal, in response to an inquiry by the Board, the government, by letter dated 10 November 2016, advised that the contracting officer did not receive a signed claim certification from appellant prior to the issuance of the final decision. The government also moved for summary judgment, asserting that the appeal should be denied because appellant failed to submit a termination settlement proposal within one year from the effective date of termination pursuant to FAR 52.249-2(e) or, in the alternative, failed to submit a timely claim within the Contract Dispute Act's (CDA's) six-year statute of limitations period. After a review of the record, the Board, by order dated 16 November 2016, directed the parties to address the issue of its jurisdiction over the appeal due to the apparent lack of a signed certification.

By email dated 17 November 2016, appellant responded that it "had no information and no one told [it] to sign the documents" prior to filing its appeal. Appellant further stated that it submitted a signed claim certification to the contracting officer. A contracting officer's final decision, dated 24 January 2017, was issued denying a claim resubmitted on 10 November 2016 for $318,064.00 under the contract (supp. R4, tab 16). The decision was

appealed to the Board on 27 January 2017 and docketed as ASBCA No. 61035. Because appellant has conceded that a signed certification was not submitted to the contracting officer prior to the filing of the appeal, and the appeal is for an amount greater than $100,000, ASBCA No. 60717 is dismissed for lack of jurisdiction. *See Tokyo Co.*, ASBCA No. 59059, 14-1 BCA ¶ 35,590 at 174,392 (absence of signature on a claim that requires certification deprives Board of jurisdiction).

By order dated 3 April 2017, the Board, among other things, directed the parties to address the issue of its jurisdiction over ASBCA No. 61035, based on a review of the certification purportedly signed by Mr. Azizi electronically and in light of its decision in *Tokyo Co.* The briefing schedule called for appellant to submit its brief by 3 May 2017. Appellant did not respond. By order dated 16 May 2017, the Board directed appellant and the government to submit simultaneous briefs by 15 June 2017. The government moved to dismiss the appeal for lack of jurisdiction, but appellant again did not respond.

Having received no communication from appellant, the Board issued an order to show cause, dated 25 January 2018, directing appellant to file a response setting forth why the appeals should not be dismissed for failure to prosecute. The response was required to state "whether the signature on [appellant's] 10 November 2016 certification represented Mr. Azizullah Azizi's 'present intention to authenticate the writing' as required by Federal Acquisition Regulation 2.101" and address other noted discrepancies related to the signature. Appellant's response was due by 20 February 2018. The order to show cause was emailed to appellant on 26 January 2018.[1] To date, appellant has not responded to the Board's 3 April and 16 May 2017 orders and the 25 January 2018 order to show cause.

Generally, we initially assure ourselves of jurisdiction over an appeal before proceeding to the merits. *See Macro-Z Technology*, ASBCA No. 56711, 14-1 BCA ¶ 35,712 at 174,859, *aff'd, Macro-Z Technology v. Mabus*, 793 F.3d 1375 (Fed. Cir. 2015) (Rule 36 judgment). However, where the question of jurisdiction has a "statutory provenance" and not constitutional, the Federal Circuit has held that a court is not required to first resolve the statutory jurisdictional issue before reaching other dispositive issues. *Minesen Co. v. McHugh*, 671 F.3d 1332, 1337 (Fed. Cir. 2012).

Here, the jurisdictional question over whether a certification was properly executed under the CDA, 41 U.S.C. § 7103(b), is strictly statutory, and ASBCA No. 61035 may be properly disposed on an alternative ground as provided by *Minesen*. Our Board Rule 17 provides:

---

[1] The Board routinely sends correspondence to litigants in Afghanistan by email due to the absence of a functioning mail system.

2

Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed for failure to prosecute. In the case of a default by the Government, the Board may issue an order to show cause why the Board should not act thereon pursuant to Rule 16. If good cause is not shown, the Board may take appropriate action.

We recognize that a dismissal for failure to prosecute is a harsh measure and used sparingly because it operates as an adjudication on the merits. *See Newhall Telecom, LLC*, ASBCA No. 57438, 13 BCA ¶ 35,391 at 173,644.[2] Despite several opportunities to explain the circumstances surrounding its certification, appellant has not responded to our orders, and we have received no communication from appellant since April 2017. Appellant's lack of communication reflects an intention not to continue prosecution of ASBCA No. 61035. For these reasons, we conclude that dismissal for failure to prosecute is appropriate under the circumstances.

ASBCA No. 60717 is dismissed for lack of jurisdiction. ASBCA No. 61035 is dismissed with prejudice under Board Rule 17.

Dated: 3 April 2018

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[2] *Newhall Telecom* dealt with a dismissal under then Board Rule 31, the substantively identical predecessor to Board Rule 17.

3

I concur                                    I concur

_____                     _____
RICHARD SHACKLEFORD                         J. REID PROUTY
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60717, 61035, Appeals of Bellal Aziz Construction Company, rendered in conformance with the Board's Charter.

Dated:


                                    _____
                                    JEFFREY D. GARDIN
                                    Recorder, Armed Services
                                    Board of Contract Appeals


4